USCA1 Opinion

 

 March 6, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2008 UNITED STATES, Appellee, v. SANTIAGO PANZARDI LESPIER, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ____________________ Elfrick Mendez Morales on brief for appellant. ______________________ John C. Keeney, Acting Assistant Attorney General, Theresa M.B. ______________ ____________ Van Vliet, Chief, Criminal Division U.S. Department of Justice, Philip _________ ______ Urofsky, Trial Attorney, Criminal Division Department of Justice, on _______ brief for appellee. ____________________ ____________________  Per Curiam. Defendant Santiago Panzardi-Lespier ___________ appeals from the district court judgment and sentence entered on a jury verdict finding him guilty of conspiring to distribute more than 1000 pounds of marijuana in violation of 21 U.S.C. 841(a)(1) and 846 and possessing less than 1000 pounds of marijuana with intent to distribute in violation of 21 U.S.C. 841(a)(1) and 18 U.S.C. 2. We briefly address the two major points defendant raises on appeal. 1. We need not resolve defendant's argument that the district court erred in not dismissing the indictment because no evidence linking defendant to the alleged offense was presented to the grand jury. Defendant waived that objection to the indictment by not raising it before the trial. United ______ States v. Mack, 892 F.2d 134, 135-136 (1st Cir. 1989), cert. ______ ____ _____ denied, 498 U.S. 859 (1990); Fed.R.Crim.P. 12(b).  ______ Defendant has offered no explanation for his failure to comply with Rule 12, and he has made no showing of cause for relief from the waiver. Further, in ruling on defendant's  2255 petition, the district court specifically rejected his claim of ineffective assistance of counsel for failure to object to the indictment, and defendant has not appealed from that ruling. Accordingly we will not consider his late challenge to the indictment. 2. Defendant also argues that he was substantially prejudiced by spillover evidence from the other counts and -2- 2 defendants and that the district court erred in denying severance of counts and defendants. We also need not resolve that argument because defendant waived this objection by failing to raise it before trial. Requests for severance of counts or defendants under Federal Rule of Criminal Procedure 14 must be raised prior to trial. Fed.R.Crim.P. 12(b)(5); United States v. McLaughlin, _____________ __________ 957 F.2d 12, 18 (1st Cir. 1992). Defendant first raised his claim for severance in the  2255 petition filed five years after trial. Accordingly, we will not consider it now. Affirmed. Loc.R. 27.1. ________ -3- 3